**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANGELEX LTD.,** | : | **Case No. 15-cv-56** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S OPPOSITION TO**
**GOVERNMENT'S MOTION TO STRIKE**

COMES NOW, Plaintiff Angelex Ltd. ("Angelex" or Plaintiff), by and through undersigned counsel, and respectfully submits this Opposition to the Motion to Strike the Declaration of George M. Chalos filed by Defendant, United States of America (the "government" or Defendant). *See* Doc. 42. Plaintiff would respectfully show as follows:

## PRELIMINARY BACKGROUND

The government's motion should not be well received by this Court as it is nothing more than an improper attempt to inflame the Court with rhetoric where there are no facts or law which support the government's argument.[1] The Chalos Declaration is properly before the Court as it meets all of the requirements to satisfy the Federal Rules of Evidence and Federal Rule of Civil Procedure 56(e). The only "fact" presented by the Chalos Declaration is not now and never has been disputed by the government. The government has long known of the requirement for 100%

[1] "When the law is against you, argue the facts. When the facts are against you, argue the law. When the law and the facts are against you, abuse the other attorney." Klein, John, Praise from a Future Generation: The Assassination of John F. Kennedy and the First Generation Critics of the Warren Report, p. 190 (2007).

collateralization on a dollar-for-dollar basis for any surety bond to be pursued by Plaintiff to satisfy the Coast Guard's demand for financial security. *See* Doc. 40-2, ¶¶ 7-10.

As early as April/May 2013, the government was provided with the financial records of Angelex (and the Manager Kassian Maritime Navigation Agency Ltd. ("Kassian")) during the course of the surety negotiations. Doc. 40-1, p. 24. The government was regularly informed of the inability by Angelex and/or Kassian to post a bond in the amount of $2,500,000. In fact, District Judge Doumar concluded that there was no ability by Angelex (and/or Kassian) to post the unreasonable bond being demanded by the Coast Guard. *Angelex Ltd. v. United States*, 2013 U.S. Dist. LEXIS 65846, *12, 25, 2013 AMC 1217 (E.D. Va. 2013) ("The Coast Guard insists that the petitioner post a $2.5 million bond, and no less, as a condition for receiving departure clearance. The petitioners claim that they are financially unable to pay a cash bond or secure a surety bond in that amount,[2] and they have proffered company financial reports and other records in support . . .The record before the Court includes persuasive evidence that a $2.5 million bond— or fine for that matter—***is simply beyond the financial wherewithal of the petitioners***, and that the continued detention of the vessel by withholding its departure clearance will rapidly bankrupt the vessel's owner.").

During written discovery in this case, Angelex reiterated dollar-for-dollar collateralization requirement as a sworn answer to government interrogatory number 14:

> **INTERROGATORY NO. 14**: Please describe in detail all efforts made by Angelex Ltd. and Kassian Maritime Navigation Agency, Ltd. to obtain a bond as described in Plaintiff Angelex Ltd.'s ECF No. 20 (First Amended Compl.) ¶¶ 40,

---

[2] At the May 6, 2013 hearing, Angelex confirmed to the Court the same information which was provided to the government in advance of the hearing; namely that Angelex was able to provide $750,000 in cash, or it would be able to secure additional financing from a third-party bank in the amount of $1,500,000 if agreeable to the Coast Guard in exchange for the prompt release of the vessel. *See* Exhibit 1, Hr'g Tr., pp. 49:19 - 50:10. There was never an ability to obtain a surety bond without having 100% collateral to fund it. Doc. 40-2.

> 51-56, 58-59, 61-63, 67, 69-70, and 90.B-90.F, providing the name, address, and telephone number of all persons involved, identifying related documents, and setting forth the sum and substance of efforts made.
>
> **OBJECTION**
>
> Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Plaintiff previously produced to Defendant. Plaintiff objects to this interrogatory on the ground that it seeks disclosure of information subject to attorney-client privilege and attorney work-product protection.
>
> **ANSWER**
>
> Notwithstanding the above and without waiver of the foregoing objection, Angelex Ltd.'s efforts to obtain a bond are well documented in the numerous exchanges with the United States Coast Guard and the Department of Justice, all of which are already in the possession of the government. Moreover, the government was voluntarily provided with copies of Angelex Ltd.'s financials which demonstrated a complete lack of available cash assets on hand in order to obtain a surety bond in the amount of USD 3,000,000, and later USD 2,500,000.
>
> International Sureties, 701 Poydras St. New Orleans, Louisiana, 70139 was contacted by Angelex Ltd.'s U.S. counsel to inquire about the necessary requirements for obtaining a surety bond. As the government is well familiar with, the sureties who post vessel release bonds in APPS cases universally require without exception, that a company obtaining a bond provide 100% cash collateral of the full bond amount, plus a premium of one (1) to four (4) percent per annum.

Doc. 38-8, p. 9, U.S. Exhibit 32. The sworn interrogatories which were signed under oath by Angelex's authorized corporate representative, George Pappadakis, on December 7, 2015, and served on the government that same day.[3] In addition to establishing, yet again, that 100% cash collateralization of a surety bond was required, the interrogatory clearly and unambiguously

[3] In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that Fed. R. Civ. P. 56(c) enumerates the types of evidence which may be used by a party to support an argument during summary judgment, which include the "pleadings, depositions, **answers to interrogatories**, and admissions on file, together with the affidavits" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (citing Fed. R. Civ. P. 56(c)) (emphasis added).

identified the exact persons and entities with discoverable information on this topic: George Pappadakis, International Sureties, Ltd., and undersigned counsel *Id*. Amazingly, the government neglected to pursue any depositions and neglected to make any effort to obtain documents or testimony from anyone at International Sureties. The government's argument in its motion to strike that there was no "notice" or facts in evidence in the record about the collateralization requirement (and therefore the Chalos Declaration is a "*post hoc recalibration*" of the evidence) is, at best, specious. *See* Doc. 42, p. 6.

The sworn statement by Angelex put the undisputed fact squarely on the record. The government's failure attempt to develop any evidence to contradict this answer and failure to depose Mr. Pappadakis (or anyone else) or subpoena anyone or any business records from International Sureties is a disaster of its own making. During the discovery process, Angelex deposed Commander Laurina Spolidoro, Staff Judge Advocate for the Coast Guard, and asked about the amount required to collateralize a surety bond. Commander Spolidoro was unaware of what would be required and likely never questioned (or independently researched) the requirements.

> Q. And do you know, if you want to post a $1.5 million bond, how much cash needs to be put up to collateralize it, if any?
>
> A. I don't know.
>
> Q. Have you looked into that?
>
> A. I thought I used to know but I don't remember.

Exhibit 2, Comm. Laurina Spolidoro Dep. 249:11-17.

Despite the clear record and the fact that 100% cash collateralization of the bond on a dollar-for-dollar basis was required in order to have a surety bond issued in this case – the

government disingenuously and improperly attempts to create a dispute through attorney argument in its Motion for Summary Judgment. Doc. 38-1, pp. 24-25. In response, Angelex submitted the declaration of Attorney Chalos to marshal this undisputed fact, which had been set forth numerous times in the record throughout prior proceedings and this case without dispute. *See* Doc. 40-2, ¶¶ 7-10. Recognizing the lack of merit in its position, the government now resorts to attacking the ethics of Attorney Chalos; an amateur tactic which should not and cannot be well received by this Court. Simply put, there is no basis to challenge the fact that there was a requirement to post 100% collateralization imposed by the surety. Doc. 42, pp. 6-9. Indeed, the government has never offered any evidence to the contrary.

## ARGUMENTS AND AUTHORITIES

### I. The Kearney Affidavit is Admissible and Should be Considered by this Court

In support of Plaintiff's opposition to the government's motion for summary judgment and motion to strike, Angelex respectfully requests leave to submit and asks the Court to consider the attached affidavit from the Surety Bond Broker and Agent who worked on the file at the time the bond application was made in 2013, Elizabeth W. Kearney. *See* Exhibit 3. The Kearney affidavit confirms what was already in the record in this case repeatedly; namely that 100% cash collateralization would be required for the issuance of any bond for the release of the Vessel. Kearney Aff., at ¶¶ 5-12. The Kearney affidavit is clear, unambiguous, and admissible in this case and should be considered by this Court. Fed. R. Civ. P. 56(c) allows the party opposing a motion for summary judgment to submit affidavits in opposition not later than one day prior to the hearing on that motion." *Omni Specialties - Washington, Inc. v. Espirit de Corp.*, 1989 U.S. Dist. LEXIS 3103, *6 (D.D.C. 1989); *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C. Cir. 2007) ("A party opposing summary judgment may submit affidavits in support of its position provided such

affidavits meet the requirements of Federal Rule of Civil Procedure 56(e)"). The Kearney affidavit complies with Fed. R. Civ. P. 56(e); is timely submitted under Rule 56(c); and is properly before this Court.

## II. Attorney Declarations Are Routinely Used in Summary Judgment

Neither Rule 56 of the Federal Rules of Civil Procedure, nor any other Federal Rule, prohibits the use of an attorney declaration during summary judgment. In fact, Courts regularly hold that an attorney declaration is precisely the correct manner in which to submit evidence on a motion for summary judgment. *Krause v. CSX Transp.*, 984 F. Supp. 2d 62, 67 fn. 2 (N.D.N.Y. 2013). The government's argument in favor of striking the Chalos Declaration is a slap-dash mix of misstatements of the record in this case and inappropriate allegations of attorney misconduct. Doc. 42, pp. 3-7. Notably, the government's motion lacks any discussion or substantive analysis of the pertinent Federal Rules of Civil Procedure and/or Rules of Evidence which must be consulted by this Court in order to determine whether to consider the Chalos Declaration as part of the pending summary judgment motions. Accordingly, the motion should be denied in its entirety.

## III. The Chalos Declaration Meets All of the Rule 56 Requirements for Consideration.

Under Fed. R. Civ. P. 56(c), **any** declaration may be considered if: 1) the declarant has personal knowledge of the evidence described; 2) the evidence is admissible; and 3) the declarant is competent to testify. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827 (1950). Courts apply this standard rule to all declarations, including attorney declarations, and test the adequacy of attorney declarations just as any other Rule 56(c) declaration. *See, e.g.*, *Cowell v. General Motors Corp.*, 1991 U.S. App. LEXIS 28868 (4th Cir. 1991). Under the applicable standard, the Chalos Declaration easily clears the bar and should be included in the Court's

consideration of the pending summary judgment motions.

A. The Declaration is based on personal knowledge.

Courts consider attorney declarations when based on personal knowledge, especially regarding work performed by the attorney. *See Cowell*, 1991 U.S. App. LEXIS 28868. The information provided in the Chalos Declaration (specifically the sections which the government attacks (*i.e.* Doc. 40-2, ¶¶ 7-10)) is based on personal knowledge and is a recitation of the information learned from Mrs. Kearney and International Sureties during Plaintiff's efforts to agree a reasonable bond amount with the Coast Guard and thereafter obtain same. Parenthetically, the Angelex case was no different than any other similar matter. Just as every time before, it was represented by International Sureties that 100% "dollar-for-dollar" collateralization would be required to issue the bond. *See* Chalos Decl., ¶¶ 6; Kearney Aff., at ¶¶ 5-7. When collateralization is required by the surety, as here, it will be 100% dollar-for-dollar collateralization for the full amount of the bond. *Id*., at ¶¶ 5-12. The attorney declaration of George Chalos did not make any legal conclusions or arguments, but simply marshaled this indisputable fact. Doc. 40-2, ¶¶ 6-10; Kearney Aff., at ¶¶ 5-12.

B. The evidence is admissible.

The evidence in the declaration is admissible. Although the government makes broad suppositions as to admissibility in its motion, the Court is guided by Federal Rule of Evidence 402. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Ev. 402. Here, there is no constitutional provision, statute, or rule which proscribes the admissibility of this relevant evidence. The cases cited by the

government, *Cobell v. Norton*, 391 F.3d 251 (D.C. Cir. 2004) and *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365 (D.C. Cir. 2000) are inapposite to this Court's resolution of the motion. Far from standing for any proposition as to the admissibility of an attorney declaration, these cases simply confirm that Rule 56 evidence must be admissible to be considered. *Id*. The government's speculation as to whether Attorney Chalos would be permitted to testify on this limited and undisputed fact, which related specifically to Angelex's effort to obtain a surety bond, is nothing more than ill-founded conjecture and should be rejected by this Court as nonsensical. While Angelex believes it should prevail on its summary judgment application, Angelex will present at least one (1) fact witness at trial to testify (if necessary).

The government similarly makes a fleeting gesture at a hearsay challenge to the admissibility of the Chalos Declaration. Doc. 42, p. 7. However, the argument is abandoned as quickly as it was raised as the declaration is clearly not "hearsay." The declaration was offered to recite the simple and indisputable fact that a bond could not be obtained by Angelex without posting dollar-for-dollar collateral for the full amount of the bond. Doc. 40-2, ¶¶ 7-10; *see also* Kearney Decl., at ¶¶ 7-12. Such a fact is not hearsay.[4]

C. <u>The declarant is competent to testify on the issue</u>

As required by Fed. R. Ev. 602, all of the facts included in the Chalos Declaration are related to personal observations and knowledge of events which occurred specifically during the

---

[4] Even in the event the Court were to find that some portion of the declaration is hearsay, a number of district and appellate courts, including this one, have found that the Court may consider a declaration even if it is hearsay. *See, e.g. Bortell v. Eli Lilly & Co.*, 406 F. Supp. 2d 1 (D.D.C. 2005); *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012). In *Bortell*, the court stated that "[a] court may consider affidavits submitted in compliance with Rule 56(e) as evidence, even though a sworn declaration remains 'technically hearsay'" as long as the affidavit "consist[s] only of admissible evidence." *Bortell*, 406 F. Supp. 2d at 8. As discussed previously, all of the evidence from the declaration is admissible. *See* Point II, *surpa*.

representation of Angelex in attempting to obtain a surety bond for the reinstatement of the vessel's departure clearance. Doc. 40-2. Attorney Chalos is competent to recite this indisputable fact. Again, the government has presented no argument, let alone evidence, to the contrary.

**IV. There Is No Ethical Violation**

The entire purpose of the "professional rules" section of the government's motion is merely an *ad hominen* attack against counsel attempting to obfuscate the undisputed evidence presented. The facts presented in the Chalos Declaration were provided to the government during negotiations for the reinstatement of the Vessel's departure clearance; repeated at the May 6, 2013, hearing before Judge Doumar; remained "front and center" during the unreasonable 165-day delay and detention of the Vessel through the criminal trial; were identified in Plaintiff's Complaint at the commencement of this action; and were confirmed through sworn answers to the government's written discovery demands. For reasons known only to the government - its counsel, quite unreasonably - never responded to the facts; never probed the issue through deposition of Plaintiff; and never presented and still does not offer any facts to the contrary. The Chalos Declaration was merely summarizing the undisputed material fact which had repeatedly been developed in the record of this case that the surety bond required 100% cash collateralization. *See* Doc. 40-2. The government's late effort to challenge the undisputed fact through conclusory assertions and legal argument – without any contravening factual basis – cannot and does not create a genuine dispute of a material fact. A*ss'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp*., 564 F.3d 462, 465-66, 385 U.S. App. D.C. 347 (D.C. Cir. 2009).

As set forth in Point III, *supra,* all of the requirements of Fed. R. Civ. P. Rule 56(c) and (e) were met by the Chalos Declaration. As the fact is not truly in dispute, Plaintiff is not seeking to have Attorney Chalos become a "witness" in this case. Even, assuming *arguendo,* the Court were

to treat Attorney Chalos as a witness, the rules of professional conduct for New York, Texas, and Utah each contain exceptions to the general rule barring attorneys from acting as witnesses. Each has ostensibly the same exception which would apply in this case; namely that the information presented is an uncontested issue of fact. *See* NY CLS Rules Prof Conduct R 3.7(a)(1)-(2); Tex. R. Prof Conduct 3.08(a)(1)-(2); Utah Rules of Prof'l Conduct Rule 3.7(a)(1)-(2).[5] Accordingly, the Chalos Declaration can and should be considered by this Court.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff Angelex respectfully requests that the Court deny the government's Motion to Strike the Declaration of George M. Chalos on the grounds that the affidavit meets the requirements for an affidavit to be considered in summary judgment and the evidence therein is relevant, admissible evidence, which remains undisputed. Angelex further requests that the Court accept and consider the Kearney Affidavit. Finally, Angelex requests that the Court grant such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

Dated: March 29, 2017
Oyster Bay, New York

Respectfully submitted,

**CHALOS & CO, P.C.**

/s/ George M. Chalos

George M. Chalos
Bar ID 1011459
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

[5] Moreover, "a state rule of professional conduct cannot provide an adequate basis for a federal court to suppress evidence that is otherwise admissible." *United States v. Lowery*, 166 F.3d 1119, 1124 (11th Cir. 1999). "[T]he federal interest in enforcement of federal law…is paramount" and is not defeated by a state's rules of professional conduct. *Id*. at 1125.

**CERTIFICATE OF SERVICE**

I certify that on March 29, 2017, the foregoing was filed using the Court's CM/ECF filing system, which will send electronic notification of this filing to counsel of record.

/s/ George M. Chalos
George M. Chalos
Bar ID 1011459