**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANGELEX LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-56 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY TO ITS MOTION TO STRIKE**

The United States respectfully offers this reply to make the points set forth below.

**1. The United States, as the Opposing Party, Gets to Decide Which Facts Are Opposed, Not the Proponent, Angelex**

The key fact at issue, as Angelex characterizes it, is a purported "requirement for 100% collateralization on a dollar-for-dollar basis for any surety bond to be pursued by Plaintiff to satisfy the Coast Guard's demand for financial security." ECF No. 44 (Angelex Opp'n) at 1-2. In other words, Angelex asserts that it could obtain a bond only if it provided cash collateral to the issuer equal to the full amount of the bond, a requirement that Angelex could not, or would not, fulfill. Angelex claims that this fact "is <u>not</u> now and <u>never</u> has been disputed by the government." ECF No. 44 at 1. It contends that this "undisputed fact . . . had been set forth numerous times in the record throughout prior proceedings and this case without dispute." ECF No. 44 at 5. This is incorrect. Although the fact may or may not be germane, the United States certainly has never conceded it.

Angelex initially made the 100% collateralization allegation in *Angelex Ltd. v. United States*, No. 2:13-cv-237, 2013 U.S. Dist. LEXIS 65846, 2013 WL 1934490, 2013

AMC 1217 (E.D. Va. May 8, 2013) (*Angelex I*) where there was no discovery and no evidentiary hearing. Angelex makes the allegation again in this case. An allegation does not become evidence because Angelex repeats it. And while the United States has long known of the allegation, it had no reason to expect that it would be supported through a declaration from Angelex's counsel, which raised a legitimate question as to why the information was not presented through a fact witness.

**2. Angelex Bears the Burden of Submitting Its Evidence in an Admissible Form**

Angelex argues that "the government neglected to pursue any depositions and neglected to make any effort to obtain documents or testimony from anyone at International Sureties." ECF No. 44 at 4. Angelex has it backwards. As the proponent, Angelex "bears the initial responsibility" of "identifying those portions" of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If Angelex fails, the United States may properly object. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that is admissible.").

**3. Angelex Did Not Include Its Putative 100% Collateralization Requirement in Its Statement of Facts as to Which It Contends There Is No Material Issue**

The proper mechanism for isolating the facts in dispute is Local Civil Rule 7(h)(1) ("Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to parts of the record relied on to support the statement."). LCvR 7(h). "The moving party's statement specifies the material facts and directs the district judge and the

opponent of the summary judgment to parts of the record which the movant believes support his statement." *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980). "The opponent then has the opportunity to respond by filing a counter-statement and affidavits showing genuine factual issues." *Id*. "The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Id*.

Angelex filed a LCvR 7(h) statement, *see* ECF No. 40-4 (Plaintiff Angelex Ltd.'s Statement of Material Facts in Support of Its Motion for Summary Judgment), however, the 100% collateralization requirement is not included. Accordingly, Angelex omits a fact on which it relies.

**4. Mr. George Pappadakis Does Not Have the Personal Knowledge Necessary to Attest to the Alleged 100% Collateralization Requirement**

Angelex contends that the alleged "dollar-for-dollar collateralization requirement was answered under oath in response to government interrogatory number 14[.]" ECF No. 44 (Angelex Opp'n) at 2. In particular, Angelex states that "[t]he sworn interrogatories were signed under oath by Angelex's authorized corporate representative, George Pappadakis . . . ." ECF No. 44 at 3.

The problem with this theory of admissibility is that Mr. Pappadakis does not appear to have had personal knowledge of the fact at issue. *See* Fed. R. Civil P. 56(c)(4) (requiring that affidavits and declarations be "made on personal knowledge"). A supplemental affidavit, which Angelex now submits, demonstrates that the source of the information is Ms. Elizabeth Kearney, who, in May 2013, spoke with "George M. Chalos and Briton P.

Sparkman of Chalos & Co., P.C. about Angelex's ability to obtain a MARPOL/APPS bond for the M/V ANTONIS G. PAPPADAKIS." ECF No. 44-1 (Kearney Affidavit) at 10 (PACER pagination). Notably, she did not speak to Mr. Pappadakis. Obviously, it is Ms. Kearney who has personal knowledge, not George Pappadakis, nor indeed George Chalos.

**5. Mr. Chalos's Declaration Rests on Impermissible Hearsay**

According to Angelex's opposition brief, Mr. Chalos's declaration "is based on personal knowledge . . . ." ECF No. 44 at 7. In the next breath, however, we learn that his personal knowledge consists of "a recitation of the information learned from Ms. Kearney . . . ." *Id.*

Another word for Mr. Chalos's "recitation of information" is hearsay. "Hearsay is defined as an out-of-court statement made for the purpose of proving the matter asserted." *Flythe v. District of Columbia*, 4 F. Supp. 3d 222, 223 (D.D.C. 2014) (citing Fed. R. Evid. 801(c)). *See also America v. Mills*, 654 F. Supp. 2d 28, 35 (D.D.C. 2009) ("[H]earsay [is] 'a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter.'") (citing Fed. R. Evid. 801(c)).

Angelex argues that "[e]ven in the event the Court were to find that some portion of the declaration is hearsay, a number of district and appellate courts, including this one, have found that the Court may consider a declaration even if it is hearsay." ECF No. 44 (Angelex Opp'n) at 8 n.4 (citing *Bortell v. Eli Lilly & Co.*, 406 F. Supp. 2d 1 (D.D.C. 2005) and *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012)). Angelex writes that "in *Bortell*, the court stated that [a] court may consider affidavits submitted in compliance with Rule 56(e) as evidence, even though a sworn declaration remains technically hearsay

as long as the affidavit consists only of admissible evidence." ECF No. 44 (Angelex Opp'n) at 8 n.4 (quoting *Bortell*, 406 F. Supp. 2d at 8) (internal quotation marks omitted).

Angelex misses the point. The level of hearsay that the *Bortell* court speaks of is the affidavit, which is itself an out of court statement. Federal Rule 56(c) takes this into account and expressly allows a party to support its factual position on motion for summary judgment through the use of "affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A). The conversation between Ms. Kearney and Mr. Chalos is yet another level of hearsay, and it is this one that is impermissible. *See* Fed. R. Civ. P. 56(c)(4) (allowing only affidavits, which "set out facts that would be admissible in evidence").

Because Mr. Chalos could not testify at trial about something that someone else told him, he cannot do so now by declaration. Hearsay may not be considered in deciding a motion for summary judgment. "[S]tatements that are impermissible hearsay or that are not based on personal knowledge are precluded from consideration by the Court." *Slate v. ABC*, 941 F. Supp. 2d 27, 38 (D.D.C. 2013) (citing *Riggsbee v. Diversity Servs., Inc.*, 637 F. Supp. 39, 46 (D.D.C. 2009)); Fed. R. Evid. 56(c)(4).

**6. The Kearney Affidavit**

Tellingly, Angelex now offers the declaration that it should have submitted in the first place. *See* ECF No. 44-1 at 9-11 (Affidavit of Elizabeth W. Kearney). And Angelex requests leave of Court to file it. *See* ECF No. 44 (Angelex Opp'n) at 10 ("Angelex further requests that the Court accept and consider the Kearney affidavit.").

The real issue is not whether the Chalos Declaration is admissible—it is not—but whether the Court should grant Angelex leave to file the Kearney affidavit in its stead. Rule 56 provides four options:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507-08 (D.C. Cir. 2016) (discussing Rule 56(e)).

"While Rule 56(e)(1) makes clear that courts have the option of providing an additional opportunity to comply with Rule 56(c), it is just one of the options that courts have at their disposal, and nothing in Rule 56(e) requires courts to utilize it first before moving on to the other options." 11 James Wm. Moore *et al.*, Moore's Federal Practice §56.99(2)(a) (3d ed. 2013). Put another way, "while the court may give a party a 'second chance' to comply with Rule 56(c) before moving on to the other options, it is not required to do so but instead may select any option it considers to be appropriate under the circumstances." *Id*. The United States offers no recommendation as to the Court's exercise of its discretion, except to note that the fact at issue was not of sufficient importance to merit inclusion by Angelex in its LCvR 7(h) statement.

## 7. The Fourth Circuit's Reversal of Angelex I Causes that Decision to be Without Validity, Force, or Effect

Angelex writes that "Judge Doumar concluded that there was no ability by Angelex (and/or Kassian) to post the unreasonable bond being demanded by the Coast Guard." ECF No. 44 at 2 (citing *Angelex I*). That decision was reversed. *See Angelex Ltd. v. United States* (*Angelex II*), 723 F.3d 500, 509 (4th Cir. 2013) ("For these reasons, the Coast Guard's decisions regarding bond conditions with regard to the Pappadakis are unreviewable, and the district court thereby did not possess subject matter jurisdiction under the APA.").

Because *Angelex I* was reversed, it has no further preclusive force or effect, and Angelex is incorrect to rely on it for support. *See Kadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("It has long been well established that the reversal of a lower court's decision sets aside that decision, leaves it 'without any validity, force, or effect,' and requires that it be treated thereafter as though it never existed.") (quoting *Butler v. Eaton*, 141 U.S. 240, 244 (1891); *South Carolina Nat'l Bank v. Atlantic State Bankcard Ass'n, Inc*., 896 F.2d 1421, 1430 (4th Cir. 1990); *Int'l Tel. & Tel. Corp. v. General Tel. & Elecs. Corp*., 527 F.2d 1162, 1163 (4th Cir. 1975) (per curiam).

## Conclusion

Accordingly, the United States respectfully renews its request that the Court strike the Declaration of George M. Chalos, ECF No. 40-2, from the docket.

DATED: April 5, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JOHN G. INTERRANTE
Assistant United States Attorney

*/s/ Michael A. DiLauro*
MICHAEL A. DiLAURO
Senior Admiralty Counsel
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
1425 New York Ave., N.W., Ste. 10146
Washington, D.C. 20005 (overnight courier)
P.O. Box 14271
Washington, D.C. 20044-4271 (mailing)
Telephone: (202) 616-4047
Facsimile: (202) 616-4159
michael.dilauro@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 5, 2017, the foregoing was filed using the Court's CM/ECF filing system, which will send electronic notification of this filing to counsel of record.

*/s/ Michael A. DiLauro*
MICHAEL A. DiLAURO
Senior Admiralty Counsel